UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK EDWIN PATE, § | |
| § | |
| *Petitioner*, § | |
| § | Civil Action No. 3:24-cv-2903-X-BW |
| v. § | |
| § | |
| VOLUNTEERS OF AMERICA et al. § | |
| *Respondents*. § | |

## **MEMORANDUM OPINION AND ORDER**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 5). Frank Edwin Pate filed an objection (Doc. 7) and a request for a hearing (Doc. 8). Pate objects to the FCR because he did not provide consent to proceed before a magistrate judge, as 28 U.S.C. § 636(c) requires. However, "a judge may [] designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations" for motions on which the magistrate cannot issue a final determination.[1]

### A.     Pate's 2255 Claims

As Magistrate Judge McKay explained in his findings, conclusion, and recommendation, this Court lacks jurisdiction over three of Pate's four claims. Pate's claims attack his federal sentence based on errors that occurred at or prior to sentencing. This means they arise under 28 U.S.C. § 2255, and the Court must either construe his petition as a section 2255 motion or dismiss it for lack of

---

1 28 U.S.C. § 636(b)(1).

1

jurisdiction.[2] But "[a] section 2255 motion must be filed in the sentencing court,"[3] and Pate was sentenced in the Eastern District of Texas.[4] Section 2255 does make an exception for writs filed to other courts when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[5] But Pate has made no such showing. Nothing in the record suggests that a motion to the Eastern District would be inadequate. Therefore, as section 2255 mandates, Pate's writ "shall not be entertained."[6]

However, Pate could have properly brought these claims in the Eastern District of Texas. And 28 U.S.C. § 1404 permits district courts to *sua sponte* "transfer any civil action to any other district or division where it might have been brought."[7] In determining whether to transfer a case, the Court should typically consider factors like

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home . . . . The Court must also give some weight to the plaintiffs' choice of forum.[8]

---

2 *Barrientes v. Warden USP Pollock*, 2024 WL 2369376, at *1 (5th Cir. May 23, 2024).

3 *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

4 *United States v. Pate*, No. 23-40353, 2023 WL 6213452, at *1 (5th Cir. Sept. 25, 2023), *affirming*, 4:14-CR-125-ALM (E.D. Tex. May 27, 2016).

5 28 U.S.C. § 2255(e).

6 *Id.*

7 28 U.S.C. § 1404(a).

8 *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 62 n.6 (2013).

2

Here, the weightiest factor is that the Court *cannot* hear Pate's claims that arise under section 2255. He may have chosen the Northern District rather than the Eastern District, but transfer here is not a matter of preference or ease; Pate's claims must be transferred or dismissed. In the interest of allowing him to pursue those claims without refiling, the Court **TRANSFERS** Pate's first, second, and fourth claims, all of which arise under section 2255, to the Eastern District of Texas.

### B.     Pate's First Step Act Claim

As to Pate's First Step Act claim, the Court agrees that Pate failed to exhaust the proper remedy and failed to provide an applicable exception to the requirement. Therefore, the Court agrees with the FCR in full and **DISMISSES WITHOUT PREJUDICE** Pate's First Step Act claim.

### C.     Request for Hearing

Pate asserts that he "is entitled to, as a matter of law[,] a hearing on the issues."[9] But "[w]hen a habeas petitioner requests an evidentiary hearing, district courts have discretion over whether to grant one."[10] If, assuming all the petitioner's facts are true, "he still could be granted federal habeas relief," the court is within its discretion to deny request for a hearing.[11] Pate does not clarify what facts or arguments he wishes to present at a hearing—only that he wants one. The Court disagrees that he is legally entitled to a hearing, and Pate has failed to show any facts

---

9 Doc. 8.
10 *Murphy v. Davis*, 901 F.3d 578, 590 (5th Cir. 2018).
11 *Id.* (cleaned up) (citing *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007)).

that, if proven in a hearing, could change this Court's determination. His request is therefore **DENIED**.

### D. Conclusion

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. However, the Court transfers Pate's section 2255 claims instead of dismissing them.

The Court **DENIES** Pate's request for a hearing (Doc. 8) and **DISMISSES WITHOUT PREJUDICE** Pate's third claim for failing to exhaust the proper remedy. Further, the Court **TRANSFERS** Pate's remaining claims to the Eastern District of Texas.

**IT IS SO ORDERED** this 13th day of March, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE